```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SIMON CALLENDER,

                    Plaintiff,                16-cv-7152 (PKC) (DCF)

     -against-                                ORDER ON REPORT
                                              AND RECOMMENDATION


PANABORI FOOD CORP. d/b/a TINY PIZZA
AND PASTA and WILLIAM SANCHEZ JR.,

                    Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

Simon Callender brought this action asserting claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") and the New York City Human Rights Law ("NYCHRL"). Defendants did not answer or appear, and on March 24, 2017, this Court granted Callender's motion for entry of default judgment and referred the case to Magistrate Judge Debra C. Freeman for an inquest on damages. (Docket # 22, 23.)

On July 11, 2018, Magistrate Judge Freeman filed a 38-page Report and Recommendation ("R&R") recommending that defendants be found jointly and severally liable on Callender's claims under the FLSA and NYLL in an amount of $38,511.96, consisting of $19,275.98 in actual damages and an additional $19,275.98 in liquidated damages under the NYLL. (R&R at 1, 12-37.) The R&R also recommended that Callender be awarded prejudgment interest, attorneys' fees in the amount of $7,784.77, and costs of $490. (R&R at 1-2, 37.) The R&R recommended the sua sponte dismissal of Callender's claims under the NYCHRL and his retaliation claim under the NYLL. (R&R at 2, 7-12.)

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The R&R stated that any objections must be filed within 14 days and that any request for an extension of time must be made to the undersigned. (R&R at 37-38.) The fourteen-day window has elapsed, and no party has objected or requested an extension of the time to object. The parties received clear notice of the consequences of the failure to object, and waived the right to object to the R&R or obtain further judicial review thereof. (R&R at 38.)

When no timely objection has been made to a report and recommendation, "'a district court need only satisfy itself that there is no clear error on the face of the record.'" Arthur v. Goord, 2008 WL 482866, at *3 (S.D.N.Y. Feb. 21, 2008) (Cote, J.) (quoting Figueroa v. Riverbay Corp., 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006) (Crotty, J.)); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

The Court has reviewed Magistrate Judge Freeman's thorough and detailed R&R and concludes that it is free of clear error. First, in recommending dismissal of Callender's NYCHRL claims, it concluded that this Court does not have supplemental jurisdiction over the claims that defendant Sanchez regularly made offensive comments about persons of African descent and retaliated against Callender for objecting to those comments. (R&R at 5-10.) The R&R concluded that these claims were so factually dissimilar from Callender's wage-and-hours claims under the FLSA that the Court did not have supplemental jurisdiction. (Id.) See, e.g., Morales v. MW Bronx, Inc., 2016 WL 4084159, at *13 (S.D.N.Y. Aug. 1, 2016) (collecting cases). The R&R also recommended dismissal of Callender's claim alleging NYLL retaliation,

and concluded that neither the Complaint nor the plaintiff's supplemental submissions supported a prima facie case of NYLL retaliation. (R&R at 10-12.) Callender has filed no objections to the R&R, and because the recommendation to dismiss these claims is free of clear error, the Court adopts them.

The R&R includes a detailed discussion of the law governing the damages available to a plaintiff raising claims directed to denial of minimum wage and overtime pay, spread-of-hours claims under the NYLL and liquidated damages. (R&R at 12-20.) It reviewed evidence that defendants Panabori Food Corp. and William Sanchez, Jr. functioned as joint employers of Callender, and calculated the damages owed Callender for the separate pay periods of May 2015, June through December 2015, and January 2016 through June 16, 2016. (R&R at 23-27.) It recommended an award of liquidated damages under the NYLL because defendants offered no evidence suggesting a good-faith basis that their wage policies were lawful, and recommended an award of prejudgment interest solely as to plaintiff's actual damages under the NYLL, at a rate of nine percent per annum, to be calculated by the Clerk of Court. (R&R at 27-28.) The R&R recommended that prejudgment interest be calculated from November 23, 2015, which was the halfway point of Callender's employment, and described it as a single reasonable intermediate date from which damages were incurred. (R&R at 28, citing CPLR 5001(b).) Lastly, the R&R reviewed the law as to an award of fees to a prevailing plaintiff under the NYLL and FLSA, and recommended a fees award of $7,784.77, an amount lower than the $13,823 sought by plaintiff's counsel. (R&R at 28-37.) It also recommended that Callender receive $490 in litigation costs. (R&R at 37.)

Having reviewed the R&R's thorough and detailed discussion of the law and the record, the Court concludes that it is free of clear error. The Court therefore adopts the R&R in its entirety.

CONCLUSION

The R&R is free of clear error and the Court adopts it in its entirety. Count Six, Count Eight and Count Nine are dismissed sua sponte. Plaintiff is awarded $19,275.98 in actual damages; $19,275.98 in liquidated damages; prejudgment interest against plaintiff's actual damages of $19,275.98, to be calculated by the Clerk of Court at the rate of 9% per annum, from November 23, 2015 to the date of entry of final judgment; attorneys' fees in the amount of $7,784.77; and costs of $490. The Clerk is directed to enter judgment for the plaintiff and to close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 6, 2018